GILSONITE CONSTRUCTION COMPANY, Appellant, v. R. H. FIELD et al., Respondents.

Kansas City Court of Appeals, June 12, 1911.

TAXBILLS: Work Not Completed in Reasonable Time: Bills Invalid. In an action on a special taxbill issued for paving, the evidence showed beyond dispute that the contractor took over seven months to do work, which, under favorable conditions, would not have required over a month. The contract specified ninety days as a reasonable time in the winter season. The ordinance required that the work be prosecuted with reasonable diligence. The inference from the evidence was very

157 App.—37

strong that no work was done by the contractor until late in April, though the contract contemplated that work should begin in the preceding November. *Held*, that, as the ordinance allowed a reasonable time, the stipulation in the contract was not conclusive, but only evidence of what would be a reasonable time in the winter months, but since the long delay of five months in beginning work was due to lack of reasonable diligence, the taxbills must be declared invalid.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*Gage, Ladd & Small* and *Richard H. Field* for appellant.

*Frank Hagerman, Kimbrough Stone* and *A. F. Smith for* respondent.

JOHNSON, J.—This is an action on a special taxbill issued by Kansas City August 20, 1897, for the paving of Nineteenth street from Main street to Tracy avenue. The validity of the taxbill is attacked in the answer on a number of grounds. The cause was tried without the aid of a jury and, finding the taxbill invalid on two grounds, the court rendered judgment in favor of defendant. Plaintiff appealed.

The taxbill belonged to the same series as that considered by the Supreme Court in Construction Co. v. Coal Co., 205 Mo. 49. The facts of the case are very fully stated in that decision and we find the record in hand presents about the same state of facts the Supreme Court had before them. There are some minor differences and plaintiff argues, with much earnestness, that they are important enough to differentiate the two cases in vital particulars, but we do not agree with the view and hold, as did the trial court, that the improvement was not completed within a reasonable time.

The Supreme Court held, as a matter of law, that the contractor did not prosecute the work with reasonable diligence, and we hold this conclusion is the only one the present record will support. Where the facts that bear on the issue of reasonable time are in dispute and the evidence offers room for a reasonable difference of opinion respecting the solution of the controlling issue of fact, such issue should be sent to the jury. [Halsey v. Richardson, 139 Mo. App. l. c. 165, and cases cited.] But where, as here, the evidence is permissive of but one reasonable conclusion there is nothing for the triers of fact to act on and the conclusion should be treated by the court as one of law. [Construction Co. v. Coal Co., supra, l. c. 81.]

The evidence shows beyond dispute that the contractor took over seven months to do work which, under favorable conditions, would not have required over a month. The contract specified ninety days as a reasonable time in the winter season. Since the ordinance allowed a reasonable time the stipulation in the contract was not conclusive but only evidence of what would be a reasonable period for the performance of the contract under conditions usually obtaining in the winter months. It was possible that severe weather might compel the suspension of work during the whole winter and in such case time so lost should not be charged against the contractor. Evidently the parties endeavored to make a reasonable allowance in the contract for time lost on account of the weather but it was the purpose of the contract to give effect to the requirement of the ordinance that the work be prosecuted with reasonable diligence which meant that the contractor reasonably should utilize favorable weather when it came and he had no right either with or without the consent of the engineer to neglect such opportunities. The engineer had no authority to grant extensions that would delay the completion of the improvement beyond a reasonable time. To hold

otherwise would be to say that the engineer had authority to nullify the ordinance. The inference is very strong that no work was done by the contractor until late in April, 1897, though the contract contemplated that work should begin in the preceding November. Turning to the weather reports on which plaintiff relies we find that there was a continuous period of about three weeks in December in which work might have been performed under favorable conditions and there were other shorter periods during the winter and early spring. The conclusion is irresistible that the long delay of five months in beginning work was due to a lack of reasonable dilligence.

The judgment is affirmed. All concur.